UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-20730- GAYLES/Torres

JAMEL ABDUL WARD,

    Plaintiff,

v.

C. R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

_____/

## JOINT MOTION FOR TEMPORARY STAY
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Jamel Abdul Ward ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to as the "Parties"), respectfully submit this Joint Motion for Temporary Stay and Incorporated Memorandum of Law and request that this Court stay this case and all actions in it for a period of one hundred twenty (120) days to permit the Parties to receive Plaintiff's executed settlement release and the Parties' subsequent filing of stipulations for dismissal, as the Parties have entered into a settlement in principle. Accordingly, the Parties jointly request that the Court enter an order staying this case for one hundred twenty (120) days to finalize the settlement and file a stipulation for dismissal.

### MEMORANDUM OF LAW

Plaintiff's counsel in this matter represents several plaintiffs with cases proceeding in this and other courts across the country asserting similar claims against Bard for injuries they contend arise out of their use of Bard's IVC filters. Prior to the transfer to this Court, the Parties reached

an agreement in principle to settle all claims in this matter and are in the process of awaiting the return of Plaintiff's executed settlement release, before filing a stipulation for dismissal. The Parties anticipate that finalizing settlement documents for all cases, including this case, will take up to one hundred twenty (120) days.

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Castle v. Appalachian Tech. Coll.*, 430 F. App'x 840, 841 (11th Cir. 2011) (district courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citations omitted)); *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket")); *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to

limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015). Facilitating the Parties' efforts to resolve their dispute entirely through the finalization of settlement terms, where a settlement in principle already has been reached, is reasonable and constitutes good cause for granting the requested short-term stay of discovery. *See, e.g.*, *PNC Bank, Nat'l Ass'n v. Pharis*, 2:18-CV-626-FTM-99CM, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (finding good cause to stay proceeding for a period of sixty (60) days appropriate pending mediation and settlement discussions); *Technocable Wiring Specialist, Inc. v. Genesis Networks Telecom Servs.*, LLC, 8:16-CV-2590-T-35MAP, 2017 WL 7311851, at *1 (M.D. Fla. June 15, 2017) (stay appropriate while parties resolve case and finalize settlement).

Accordingly, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of one hundred twenty (120) days. The Parties have submitted a proposed Order, attached as Exhibit A.

**WHEREFORE**, the Parties jointly request a stay for a period of one hundred twenty (120) days to allow the Parties to finalize settlement details.

Dated:  March 15, 2021                                              Respectfully submitted,

**ZINNS LAW, LLC**                                                  **GREENBERG TRAURIG, P.A.**

                                                                    */s/ Sabrina R. Gallo*
*/s/ Sharon J. Zinns*                                               Sabrina R. Gallo, Esq.
Sharon J. Zinns                                                     Florida Bar No.: 419273
Florida Bar No.: 92623                                              Email: gallos@gtlaw.com
Email: sharon@zinnslaw.com                                          333 S.E. 2nd Avenue, 44th Floor
1800 Peachtree Street NW                                            Miami, Florida 33131
Suite 370                                                           (305) 579-0500 *Telephone*
Atlanta, GA 30309                                                   (305) 579-0717 *Facsimile*
Telephone: (888) 882-9002

*Counsel for Plaintiff, Jamel Abdul Ward*                           *Counsel for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Sabrina R. Gallo*
                                                SABRINA R. GALLO

## SERVICE LIST

Arati C. Furness
Matthew Ryan McCarley
Fears Nachawati PLLC
5473 Blair Rd.
Dallas, TX 75231
afurness@fnlawfirm.com
mccarley@fnlawfirm.com

Sharon J. Zinns
Email: sharon@zinnslaw.com
1800 Peachtree Street NW
Suite 370
Atlanta, GA 30309
Telephone: (888) 882-9002